# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER,<br><br>      Plaintiff,<br><br>      v.<br><br>WILLARD L. JACKSON, et al.,<br><br>      Defendants. | Case No. 1:23-cv-01775-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME TO SERVE DEFENDANTS AND FOR LEAVE TO SERVE DEFENDANTS BY WAY OF SUBSTITUTE SERVICE OR PUBLICATION WITHOUT PREJUDICE<br><br>ORDER VACATING APRIL 3, 2024 HEARING<br><br>(ECF No. 22)<br><br>**APRIL 9, 2024 DEADLINE** |

Plaintiff initiated this action on December 27, 2023 against Defendants Willard L. Jackson, Nicole T. Birch, Vicent Petrescu, 420 Real Estate, LLC, Trucrowd Inc., Transatlantic Real Estate, LLC, and Bangi Inc. (ECF No. 1.) Plaintiff subsequently filed two amended complaints. (ECF Nos. 4, 7.) Plaintiff's first amended complaint, filed on December 28, 2023, added Defendant Robert S. Shumake. (ECF No. 5.) Because Plaintiff had filed proof of service for only two of eight Defendants, the Court issued an order on March 28, 2024 requiring that Plaintiff file a status report addressing the status of the action and particularly whether six Defendants had been served. (ECF No. 15.)

On March 29, 2024, Plaintiff filed an "unopposed" motion for a thirty-day extension of

time to serve Defendants and leave to serve by way of substitute service and publication. (ECF No. 22.)  Plaintiff set the motion hearing before the District Judge for April 3, 2024.  See L.R. 230 ("The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard *not less than thirty-five (35) days after service and filing of the motion*") (emphasis added.)  No proof of service on the *pro se* Defendant that has appeared in this action was filed.  The Court finds the filing to be procedurally and substantively improper and shall deny the motion without prejudice.

      Plaintiff's motion is procedurally improper.  Plaintiff may re-file the request as a properly noticed motion under the Federal Rules of Procedure and Local Rules.  Plaintiff may file a request to hear the motion on shortened time, if necessary, and if Plaintiff can satisfy the requirements for such under the Local Rules.  See Beard v. Cnty. of Stanislaus, No. 121CV00841ADASAB, 2022 WL 12073987, at *3-5 (E.D. Cal. Oct. 20, 2022).

      Although not a procedurally proper motion before the Court, turning to the substance of the motion, the Court is unaware what relief Plaintiff is requesting.  Plaintiff summarily requests "Court permission to effectuate service…by one of the following methods or another method the Court deems proper: 1. By service by Publication…2. By service of the Summons and Complaint to the Office of the Secretary of States of Georgia, Michigan, and Texas." (ECF No. 22 at 11.)  Plaintiff offers no information which Defendants would be served by publication and where notice would be published.[1]  Further, Plaintiff appears to alternatively seek blanket court approval to serve unspecified Defendants through hand-delivery of process to Secretaries of State in Georgia, Michigan, and Texas, but cites California Corporations Code § 1702 as the sole authority.  (ECF No. 22 at 10-11.)  The Court is also unaware if the request for a thirty-day extension of time to effectuate service is to allow Plaintiff to serve by publication or substitute

---

[1] Plaintiff is directed to review this Court's previous orders on motions for publication, specifically the Court's previous discussions of the diligence required for serving by publication under California law, and the requirements for sufficient affidavits concerning, for example, the presence of a cause of action against the to-be-served party. See Colonize Media, Inc. v. Palmer, No. 120CV01053DADSAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) (denying motion for service by publication); Scottsdale Ins. Co. v. Torres, No. 122CV00869JLTSAB, 2022 WL 16639281, at *2 (E.D. Cal. Nov. 2, 2022) (ordering supplemental briefing to support motion for service by publication); Am. Gen. Life Ins. Co. v. Bushman, No. 122CV01167ADASAB, 2023 WL 1785641, at *3 (E.D. Cal. Jan. 20, 2023) (ordering supplemental briefing).

service or whether it is a separate request. Plaintiff must state with particularity what relief he is requesting and support the request by proper authorities and supporting documents.

Because no service has been effected in over ninety days as required by Federal Rule of Civil Procedure 4(m), the Court shall order Plaintiff to file a proper motion stating with particularity Plaintiff's requested relief, or, alternatively, dismiss the outstanding Defendants pursuant to Rule 41(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's procedurally and substantively deficient "unopposed" motion for an order enlarging the time to serve Defendants and for leave to serve unspecified Defendants by way of substitute service or publication (ECF No. 22), is DENIED without prejudice;

2. The hearing improperly set for April 3, 2024 is VACATED;

3. Plaintiff shall file a proper motion under the Federal Rules of Procedure and Local Rules requesting relief **no later than April 9, 2024**; and

4. Failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of the outstanding Defendants in this action pursuant to Federal Rule of Civil Procedure Rule 4(m).

IT IS SO ORDERED.

Dated:  **April 2, 2024**

UNITED STATES MAGISTRATE JUDGE

3