# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLARD L. JACKSON, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-01775-KES-SAB<br><br>**ORDER RE DEFENDANT'S MOTION TO STAY DISCOVERY; PERMIT DISCOVERY; OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS AND LEAVE TO SERVE BY WAY OF SUBSTITUTE SERVICE AND PUBLICATION**<br><br>(ECF Nos. 25, 26, 27) |

On April 3, 2024, Defendant Vicent Petrescu, proceeding *pro se*, filed an "emergency motion" to stay discovery pending class certification (ECF No. 26); a motion "to permit discovery about Plaintiff's counsel's qualifications to be appointed class counsel (ECF No. 25); and an opposition to Plaintiff's unopposed motion enlarging time to serve six other Defendants in this action (ECF No. 27). The Court finds oppositions by Plaintiff would not aid the Court in deciding the issues and shall address each filing in turn herein.

**A.   Emergency Motion to Stay Discovery and Defendant's Request for Discovery**

Defendant Petrescu proffers that on March 30, 2024, Plaintiff propounded written discovery on Defendant. (ECF No. 26 at 2.) Defendant, proceeding *pro se*, only cites Local Rule 302(c)—which is related to duties to be performed in civil matters by a magistrate judge—as the basis for requesting a stay in discovery because class certification has not yet been

1

1  granted.  (Id.)  Defendant proffers lack of jurisdiction, failure to meet class certification
2  requirements, and burden on the Defendant to respond as good cause to grant a motion to stay
3  discovery. (Id. at 2-3.)

4  As a threshold matter, the Court notes Defendant's "emergency motion" is procedurally
5  improper as it is not in compliance with any Local Rule or with the Standing Order issued to the
6  parties on March 14, 2024 for *ex parte* motions. (See ECF No. 14-1 at 4); see Beard v. Cnty. of
7  Stanislaus, No. 121CV00841ADASAB, 2022 WL 12073987, at *3-5 (E.D. Cal. Oct. 20, 2022)
8  (discussing the purpose of *ex parte* motions, when they are justified (and when they are not), and
9  how to properly file one).

10  The Court finds Defendant's motion requesting a stay in discovery pending class
11  certification to be premature.  Rather, the Court focuses on the fundamental issue of the timing of
12  Plaintiff's written discovery.  Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party
13  may not seek discovery from any source *before* the parties have conferred as required by Rule
14  26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when
15  authorized by these rules, by stipulation, or by court order."[1]  Fed. R. Civ. P. 26(d)(1) (emphasis
16  added).  The initial scheduling conference is currently set for May 30, 2024.  (ECF No. 15.)  Six
17  Defendants have not been served.  (ECF Nos. 16, 17, 18, 19, 20, 21.)  Neither Plaintiff nor
18  Defendant Petrescu proffers they have conferred as required by Rule 26(f).  Further, Plaintiff has
19  not filed a motion, supported by good cause for the requested departure from usual discovery
20  procedures, including seeking discovery in advance of the Rule 26(f) conference.  See Am.
21  LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (explaining the good cause
22  standard a party must show when seeking expedited discovery).  Given Defendant Petrescu's
23  instant "emergency" motion requesting a stay, it is also clear the parties have not stipulated to
24  seeking expedited discovery.  Rather, it appears Plaintiff is attempting to conduct discovery prior
25  to the parties having conferred in a discovery conference.  The Court finds Plaintiff propounded

---

[1] The Court notes Plaintiff vaguely proffers in an "initial status report" filed on April 1, 2024 that "[d]iscovery requests have been sent to the Security and Exchange Commission as well." (ECF 23 at 5.)  Rule 26(d)(1) expressly provides that "[a] party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f)…"

2

written discovery on Defendant Petrescu before the Federal Rules of Civil Procedure permitted him to do so.[2]

As discussed, Defendant Petrescu's requested "stay" in discovery is premature at this stage in the proceedings. The Court cannot evaluate the burden and proportionality of the discovery until discovery has opened. Allen v. Protective Life Ins. Co., No. 120CV00530NONEJLT, 2020 WL 5074021, at *3 (E.D. Cal. Aug. 27, 2020). Instead, the Court liberally construes the *pro se* Defendant's motion as a motion for a protective order pursuant to Rule 26(c)(1) ("[a] party ... from whom discovery is sought may move for a protective order in the court where the action is pending" and '[t]he court may, for good cause, issue an order ... 'forbidding the…discovery" "or specifying the terms"). The Court therefore denies Defendant's motion to stay discovery as premature without prejudice to Defendant later seeking a stay should any discovery requests be unduly burdensome or disproportionate to the needs of the case. Allen, 2020 WL 5074021, at *3. The Court shall grant a protective order to preclude Plaintiff from making untimely discovery requests prior to discovery commencing pursuant to Rule 26(d)(1) and Rule 26(f).

For the same reasons discussed above, the Court shall also deny Defendant's request to conduct discovery. The Court underscores it is not addressing the substance of the motion. Rather, both parties appear to ignore Federal Rule of Civil Procedure 26(d) which precludes parties from seeking discovery from any source before the parties have had their 26(f) conference. Fed. R. Civ. P. 26(d)(1). Should Defendant request expedited discovery prior to a Rule 26(f) conference, Defendant must file a proper motion supported by good cause. See Am. LegalNet, Inc., 673 F. Supp. 2d at 1066. Defendant's motion to permit discovery is therefore denied without prejudice.

**The Court cautions <u>both Plaintiff and Defendant</u> that they must be familiar with the Federal Rules of Civil Procedure, Local Rules, and previous orders issued by this Court when litigating his action so as to avoid further unnecessary orders by the Court**.

---

[2] If the parties have already conferred as required by Rule 26(f)—without the six unserved Defendants—Plaintiff may file a response requesting reconsideration.

3

**B.    Opposition to Plaintiff's Motion Requesting Enlargement of Time to Serve the Outstanding Six Defendants**

On March 29, 2024, Plaintiff filed an "unopposed" motion for a thirty-day extension of time to serve Defendants and leave to serve by way of substitute service and publication. (ECF No. 22.) On April 2, 2024, the Court found the filing to be procedurally and substantively improper and denied the motion without prejudice. (ECF No. 24.) The Court ordered that Plaintiff file a proper motion under the Federal Rules of Procedure and Local Rules requesting relief no later than April 9, 2024. (Id. at 3.) Accordingly, without addressing Defendant's substantive arguments, the Court denies Defendant's opposition (ECF No. 27)—filed after the Court denied Plaintiff's motion—as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay discovery (ECF No. 25), which the Court construes as a motion for protective order to preclude Plaintiff from making untimely discovery requests prior to discovery commencing pursuant to Rule 26, is GRANTED;

2. Defendant's motion to permit discovery regarding Plaintiff's counsel's qualifications to be appointed class counsel (ECF No. 26) is DENIED without prejudice; and

3. Defendant's opposition to Plaintiff's motion for extension of time to serve Defendants and leave to serve by way of substitute service and publication (ECF No. 27) is DENIED as moot.

IT IS SO ORDERED.

Dated:   **April 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

4