UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLARD L. JACKSON, et al.,<br><br>　　　　Defendants. | Case No.  1:23-cv-01775-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER REQUIRING DEFENDANT PETRESCU TO CLARIFY FEBRUARY 12, 2024 FILING<br><br>ORDER VACATING HEARING IMPROPERLY SET FOR MAY 28, 2024<br><br>(ECF No. 39)<br><br>**TEN-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff Jeffrey Carter's motion for reconsideration of the Court's April 5, 2024 order precluding Plaintiff from making untimely discovery requests prior to discovery commencing pursuant to Rule 26.  (ECF No. 28.)  Plaintiff improperly set a hearing for May 28, 2024, which will be vacated.  The Court finds this matter suitable for decision without oral argument and therefore the hearing will not be re-set.  See Local Rule 230(g).  The Court finds an opposition would not aid the Court in deciding the issues.  Having considered the moving papers as well as the Court's file, the Court denies Plaintiff's motion for reconsideration.

/ / /

## II.

## BACKGROUND

On December 27, 2023, Plaintiff filed this class action against Defendants Willard L. Jackson, Nicole T. Birch, Vicent Petrescu, 420 Real Estate, LLC, Trucrowd Inc., Transatlantic Real Estate, LLC, and Bangi Inc.  (ECF No. 1.)  Plaintiff subsequently filed two amended complaints.  (ECF Nos. 4, 6.)  Plaintiff's first amended complaint, filed on December 28, 2023, added Defendant Robert S. Shumake.  (ECF No. 4.)  Plaintiff alleges eight causes of action relating to securities fraud and asserts eight state law claims for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, unlawful business practices, negligence, conversion, civil conspiracy to commit fraud, and "constructive trust or equitable lien."  (ECF No. 6.)

On March 11, 2024, Plaintiff filed summonses reflecting that Defendants Petrescu and TruCrowd were served on January 19, 2024.  (ECF No. 12 at 1-3, 5-7.)  On February 12, 2024, Mr. Petrescu filed a document entitled "The Defendant's Answer to the Complaint."  TruCrowd has not filed a response or otherwise appeared in this action.

On April 3, 2024, Mr. Petrescu filed a document entitled "emergency motion to stay discovery pending class certification."  (ECF No. 26.)  Mr. Petrescu proffered that on March 30, 2024, Plaintiff propounded written discovery. (ECF No. 26 at 2.) Mr. Petrescu, proceeding *pro se*, only cited Local Rule 302(c)—which is related to duties to be performed in civil matters by a magistrate judge— as the basis for requesting a stay in discovery because class certification has not yet been granted. (Id.) Mr. Petrescu proffered lack of jurisdiction, failure to meet class certification requirements, and burden on Defendant as good cause to grant a motion to stay discovery.  (Id. at 2-3.)

On April 5, 2024, the Court issued an order finding Defendant's motion requesting a stay in discovery pending class certification to be premature.  However, the Court noted the issue of the timing of Plaintiff's written discovery, noting that pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

2

1  Fed. R. Civ. P. 26(d)(1).  The Court noted the scheduling conference was then-scheduled for
2  May 30, 2024 and Plaintiff had not filed a motion, supported by good cause for the requested
3  departure from usual discovery procedures, including seeking discovery in advance of the Rule
4  26(f) conference.  The Court also noted that Mr. Petrescu's motion made it clear the parties had
5  not stipulated to seeking expedited discovery.  The Court determined it appeared Plaintiff was
6  attempting to conduct discovery prior to the parties having conferred in a discovery conference
7  and issued an order precluding Plaintiff from making untimely discovery requests prior to
8  discovery commencing pursuant to Rule 26(d)(1) and Rule 26(f).
9  　　　　On May 14, 2024, nearly forty-days after the Court issued its order, Plaintiff filed the
10 motion for reconsideration currently before the Court.  (ECF No. 39.)

**III.**

**LEGAL STANDARD**

13 　　　　"A motion for reconsideration should not be granted, absent highly unusual
14 circumstances, unless the district court is presented with newly discovered evidence, committed
15 clear error, or if there is an intervening change in controlling law."  Marlyn Nutraceuticals, Inc.,
16 v. Mucos Pharma GmbH & Co. ("Marlyn"), 571 F.3d 873, 880 (9th Cir. 2009) (internal
17 quotation marks and citations omitted).  "A party seeking reconsideration must show more than a
18 disagreement with the court's decision, and recapitulation...of that which was already considered
19 by the court in rendering its decision."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111,
20 1131 (E.D. Cal. 2001).  "In the absence of new evidence or a change in the law, a party may not
21 use a motion for reconsideration to raise arguments or present new evidence for the first time
22 when it could reasonably have been raised earlier in the litigation."  Cachil Dehe Band of Wintun
23 Indians of Colusa Indian Cmty. v. California, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009)
24 (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)).  To succeed in a motion for
25 reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the
26 court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.
27 Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d
28 514 (9th Cir. 1987).

Additionally, when filing a motion for reconsideration of an order, Local Rule 230(j) requires the moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

## IV.

## DISCUSSION

Plaintiff moves the Court to reconsider its April 5, 2024 order precluding Plaintiff from making untimely discovery requests prior to discovery commencing pursuant to Rule 26 of the Federal Rules of Civil Procedure.

### A. Hearing Improperly Set for May 28, 2024

Plaintiff filed the instant motion on May 14, 2024 and set a hearing for May 28, 2024. Plaintiff has repeatedly been admonished that Local Rule 230(b) requires that matters set for hearing must be set not less than thirty-five days after service and filing of the motion. (See ECF Nos. 24, 40.) The Court cautions Plaintiff that it will impose monetary sanctions for future hearings set in violation of Local Rule 230(b). As previously stated, the Court finds this motion suitable without a hearing pursuant to Local Rule 230(g).

### B. Plaintiff's Motion for Reconsideration

The Court finds it prudent to first summarize the status of this action. Six of the eight Defendants have not been served and have not appeared. Defendant TruCrowd has been served but has not filed a response in this action and Plaintiff has not requested entry of default. The only appearing Defendant is Mr. Petrescu, who is proceeding *pro se*; however, as explained further below, it is unclear if the document Mr. Petrescu filed as an "answer" was intended to be a motion to request an extension of time to procure counsel to file a response to Plaintiff's complaint. The scheduling conference has been continued twice because six of the eight Defendants have not been served. The scheduling conference is not scheduled to occur until August 13, 2024 to allow Plaintiff time to serve six Defendants and inform the Court as to the status of Defendant TruCrowd. This heavily impacted Court has now issued five orders in this

1 action, and each order has required the Court to superfluously remind the parties that they must
2 comply with Local Rules, Federal Rules of Civil Procedure,[1] and orders previously issued by the
3 Court.  Given this overview, the Court considers discovery to be premature at this stage in the
4 proceedings.

5       Nevertheless, Plaintiff requests reconsideration of a discovery order issued by this Court
6 on April 5, 2024 which benignly precluded Plaintiff from making untimely discovery requests
7 prior to discovery commencing pursuant to Rule 26 of the Federal Rules of Civil Procedure.  A
8 logical extension of this order is that Plaintiff must comport with Local Rules and Federal Rules
9 of Civil Procedure when propounding discovery.  The Court finds reconsideration of this
10 requirement to be unwarranted.

11       Plaintiff's instant motion for reconsideration offers no declaration, citations to other
12 filings, or any exhibits supporting his argument regarding the "new or different facts or
13 circumstances [that] are claimed to exist which did not exist or were not shown upon such prior
14 motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j)(3).  Thus, the Court
15 must engage in an independent review of the record in this case to locate evidence in support of
16 Plaintiff's motion.  The Court finds none.

17       In the instant motion, Plaintiff contends that "communication concerning discovery"
18 between Plaintiff and Mr. Petrescu "began on February 17, 2024, when Defendant Petrescu
19 opened the conferring via email and began discussing the subjects of discovery that were most
20 essential to him."  (Mot. 3.)  Plaintiff contends that "most Discovery conferring had already
21 occurred by [March 28, 2024]" and "the Discovery Conference's final emails were sent on
22 March 29, 2024, when our Discovery Conference was concluded."  (Id.)  Plaintiff relies on Rule

---

[1] As it appears the Federal Rules of Civil Procedure are being interpreted the as recommendations of civil procedure, a little history lesson is in order.  The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules were first adopted by order of the Supreme Court on December 20, 1937, transmitted to Congress on January 3, 1938, and effective September 16, 1938 (during the FDR Administration and Chief Justice Charles Evans Hughes). The Civil Rules were last amended in 2023. They are rules, not recommendations, and nothing in the legislative history or subsequent amendments since 1938 suggest otherwise. Further, the Local Rules as similarly situated, are rules, not recommendations, which were established in 1966, when this district was established.  From this date forward, counsel will be expected to know the law, including the Federal Rules of Civil Procedure and Local Rules. Otherwise, the Court will infer that counsel's conduct is willful for purposes of sanctions.

1  26(f)(2), which states, "[t]he attorneys of record and all unrepresented parties that have appeared
2  in the case are jointly responsible for arranging the conference, for attempting in good faith to
3  agree on the proposed discovery plan, and for submitting to the court within 14 days after the
4  conference a written report outlining the plan."  Plaintiff confirms he submitted the "discovery
5  plan" by the fourteen-day deadline on April 12, 2024 without Mr. Petrescu's stipulation.

6  In his unilateral "discovery plan," Plaintiff provides multiple exhibits of emails
7  purportedly establishing the meet and confer efforts by the parties. (ECF No. 35.)  The Court
8  notes that on February 17, 2024, Mr. Petrescu reached out to counsel for Plaintiff contending he
9  may be asserting a "potential defamation counterclaim" against both Plaintiff and counsel and
10 requested that Plaintiff's counsel preserve relevant documents and materials accordingly.  (ECF
11 No. 35-1 at 2-5; 6-9; 26-27; 35-39.)  No counterclaims for defamation have been filed in this
12 action.  There is no mention of meeting and conferring regarding discovery relevant to the instant
13 action in the proffered emails from February 17, 2024 to February 21, 2024.  Rather, counsel for
14 Plaintiff only addresses the unfiled defamation claims and offers to discuss the allegations
15 regarding defamation.  (See id. at 3.)

16 Plaintiff also proffers an email by Mr. Petrescu on February 24, 2024 following up on
17 Mr. Petrescu's request to preserve discovery in his potential defamation action.  (Id. at 6.)  No
18 mention of discovery related to the instant federal securities-related action was discussed.

19 Plaintiff also proffers an email exchange between Mr. Petrescu and counsel for Plaintiff
20 beginning on March 3, 2024, which again only addresses discovery and pre-litigation requests in
21 a non-existent defamation action.  (Id. at 28-34.)

22 On March 28, 2024, two days before Plaintiff propounded discovery, counsel for Plaintiff
23 requested that Mr. Petrescu confirm he will receive service by email and requested a telephone
24 discussion to occur the following day.  (Id. at 40.)  On March 29, 2024, one day prior to Plaintiff
25 propounding discovery, Mr. Petrescu responded, declining to discuss via telephone and stating
26 they needed "to collaborate on the Joint report" via email and appears to have provided a link to
27 an unattached document.  (Id.)  Counsel for Plaintiff responded by explaining the benefits of
28 service by email.  (Id. at 41-42.)  According to the record, no further discussion related to

discovery relevant to the instant action occurred prior to Plaintiff propounding discovery on March 30, 2024.

Federal Rule of Civil Procedure 26(f)(1) states that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). The discovery plan must state, among other things, the parties' views and proposals on "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues ..." Fed. R. Civ. P. 26(f)(3)(B).

The parties' discovery plan is generally included within the joint scheduling report.[2] See, e.g., United States v. Molen, No. 2:10-CV-02591 MCE, 2013 WL 1944253, at *2 (E.D. Cal. Apr. 12, 2013) (finding parties satisfied the meet and confer requirements of Federal Rule of Civil Procedure 26(d) & (f) prior to engaging in any discovery when they "filed a Joint Scheduling Statement signed by plaintiff and defendant and including representations from plaintiff and defendant in an itemized 'Proposed Discovery Plan—Rule 26(f)' and an itemized 'Proposed Discovery Schedule....' Thereafter, pursuant to the court's scheduling order and Federal Rule of Civil Procedure 26(d) & (f), the parties were permitted to begin conducting discovery"). The Court notes a joint scheduling report should not be filed until the parties have conducted their Rule 26(f) conference and must be filed one full week prior to the Scheduling Conference, which is not set to occur until August 13, 2024. (See ECF No. 3 at 2.) At the appropriate time:

> [i]f any party fails to participate in preparing the Joint Scheduling Report, the non-offending party shall detail the party's effort to get

---

[2] The Court notes Plaintiff's unilateral "Discovery Plan" is wholly inadequate if it was intended to be filed as a scheduling report. Specifically addressing the section entitled "discovery," the filing fails to propose any dates or deadlines. Instead, Plaintiff vaguely requests "ten months to complete fact discovery and three months to complete expert discovery." (ECF No. 35 at 13.)

> the offending party to participate in the Joint Scheduling Report. The non-offending party shall still file the report one (1) full week prior to the Scheduling Conference and shall list the non-offending party's proposed dates. Absent good cause presented by the offending party prior to the Scheduling Conference, the dates proposed by the non-offending party will be presumed to be the dates jointly offered by the parties. The offending party may be subject to sanctions, including monetary sanctions, to compensate the non-offending party's time and effort incurred in seeking compliance in drafting the Joint Scheduling Report.

(Id.)

Based on the argument in Plaintiff's instant motion and Plaintiff's sixty-six page unilateral "discovery plan," the Court cannot conclude that counsel for Plaintiff and Mr. Petrescu conducted a 26(f) conference prior to Plaintiff propounding discovery on March 30, 2024. Mr. Petrescu requested that Plaintiff preserve evidence regarding a non-existent counterclaim on February 17, 2024. While the parties potentially created a draft scheduling report via email on March 28, 2024, the Court cannot conclude that the parties "met and conferred" pursuant to Rule 26(f) on March 28 and 29.

Judicial economy precludes holding a scheduling conference while seven of eight Defendants have not been served or have not appeared. Thus, the scheduling conference is not set to occur until August 13, 2024. However, should any party request expedited discovery prior to a good faith Rule 26(f) conference in preparation for that scheduling conference, the moving party must file a proper motion supported by good cause. See, e.g., Am. LegalNet, Inc., 673 F. Supp. 2d at 1066. Alternatively, the parties may stipulate to engage in expedited discovery.

As a final note, the parties are reminded that they must work together in this case. Cooperation is clearly not occurring as evidenced by the communication between counsel and Defendant contained in the exhibits attached to Plaintiff's unilateral "Discovery Plan" and Plaintiff's descriptive characterization of the parties' communications in his instant motion. This Court is one of the busiest courts in the nation. It is not a proper function of this Court to educate the parties on the applicable rules, nor will it mediate disputes resulting from the parties' failing to meet and confer in good faith or work cooperatively. The parties are strongly encouraged to resolve their disputes independently. Federal courts are courts of limited jurisdiction, and this

1   Court does and will not exercise "playground jurisdiction."  See, e.g., Baker v. Cottrell, Inc., No.
2   116CV00840DADSAB, 2017 WL 3479004, at *8 (E.D. Cal. Aug. 14, 2017) (noting this Court
3   does not exercise "playground jurisdiction" and reminding counsel that they are expected to treat
4   each other with professional courtesy and to abide by federal rules, local rules, and court orders);
5   Rounds v. Bd. of Trustees of California State Univ., No. 120CV00170AWISAB, 2022 WL
6   3083645, at *7 (E.D. Cal. Aug. 3, 2022) (refusing to exercise "playground jurisdiction" over the
7   parties and their counsel).  The Court expects that counsel and *pro se* parties will be familiar with
8   the Federal Rules of Civil Procedure, this Court's Local Rules, and previous orders by the Court,
9   and will cite to them in filings.  Failure to follow these guidelines, as well as the Federal Rules of
10  Civil Procedure and this Court's Local Rules will result in the striking of future filings and other
11  applicable sanctions.

12  For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration of the
13  Court's order precluding Plaintiff from making untimely discovery requests prior to discovery
14  commencing pursuant to Rule 26 of the Federal Rules of Civil Procedure.

### C. The Court Orders Defendant Petrescu to File a Notice Clarifying His February 12, 2024 Filing

17  Plaintiff's failure to cite to supporting evidence in his motion for reconsideration
18  provided the Court the opportunity to review the entire record in this case.  The Court notes that
19  on February 12, 2024, Mr. Petrescu filed a document entitled "The Defendant's Answer to the
20  Complaint."  (ECF No. 7.)  However, Mr. Petrescu's "answer" does not comply with Rule 8 of
21  the Federal Rules of Civil Procedure.  Notably, the form document appears to be missing Mr.
22  Petrescu's responses to Section II, which requires a defendant to write a short and plain
23  statement of the answer to the allegations in the complaint with enumerated paragraphs
24  corresponding to each paragraph within the complaint, and "[f]or each paragraph in the
25  complaint, state whether: the defendant admits the allegations in that paragraph, denies the
26  allegations, lacks sufficient knowledge to admit or deny the allegations; or admits certain
27  allegations but denies, or lacks sufficient knowledge to admit or deny, the rest."  (Id. at 2.)  See
28  Fed. R. Civ. P. 8(b).  The Court also notes in response to the section for "presenting defenses to

1 the claims for relief," Mr. Petrescu wrote that he "request[s] a 70 days [*sic*] extension to secure
2 counsel to properly answer this item." (Id. at 3.) Further, in response to the section for
3 "asserting affirmative defenses to the claims for relief," Mr. Petrescu "requests 70 days [*sic*]
4 extension to secure counsel before answering this questions [*sic*] in subsection c." (Id. at 3, 5.)
5 The Court is also concerned by Mr. Petrescu's response to the certification that his answer
6 complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure. Therein, Mr.
7 Petrescu states, "I need to ask legal counsel to properly understand the above paragraph." (Id.)

8       In its order on March 28, 2024 to Plaintiff requesting a status of the Defendants in this
9 action, the Court expressed concerns regarding Mr. Petrescu's responsive pleading to Plaintiff's
10 complaint. (See ECF No. 15 at 1 n.1 (citing ECF No. 7).) It does not appear Plaintiff addressed
11 those concerns in his status report, filed any motion in response to the seemingly defective
12 response, nor did Mr. Petrescu file a motion requesting an extension of time to file a responsive
13 pleading pursuant to Local Rule 144(a). The Court reiterates its concern that no responsive
14 pleading that complies with Rule 8 has been filed by the only appearing Defendant in this action.

15       While *pro se* parties are expected to be familiar with and comply with Federal Rules of
16 Civil Procedure, Local Rules, and orders by this Court, "[a] document filed *pro se* is 'to be
17 liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d
18 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, Mr. Petrescu failed to
19 attach any pages that answer Plaintiff's claims for relief as required by Section II of the form
20 answer in accordance with Rule 8; Mr. Petrescu twice requested a seventy-day extension of time
21 to respond to certain portions of the "answer"; and Mr. Petrescu noted that he needs to seek legal
22 advice to understand Rule 11. However, the Court's recent review of the record recognizes that
23 seventy days have passed since Mr. Petrescu filed his "answer," no counsel acting on behalf of
24 Mr. Petrescu has appeared in this action, no amended answer has been filed, no stipulation or
25 motion for extension of time has been filed, and neither Plaintiff nor Mr. Petrescu has addressed
26 the deficiency. The Court shall therefore order Mr. Petrescu to file a notice of clarification. The
27 filing shall be entitled "Notice of Clarification" and must inform the Court (1) whether he has
28 procured counsel in this action; (2) whether the document filed on February 12, 2024 was

intended to be filed with attachments as required by Section II (ECF No. 7 at 2); and (3) if the February 12, 2024 filing was intended to be a motion for an extension of time to file an amended answer.

## V.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing improperly set for May 28, 2024 is VACATED;
2. Plaintiff's motion for reconsideration (ECF No. 39) is DENIED;
3. Plaintiff shall file a status report as to Defendant TruCrowd or request entry of default within **ten (10) days** of entry of this order; and
4. Within **ten (10) days** of entry of this order, Defendant Vicent Petrescu is ordered to file a "Notice of Clarification" informing the Court (1) whether he has procured counsel in this action; (2) whether the document filed on February 12, 2024 was intended to be filed with attachments as required by Section II (ECF No. 7 at 2); and (3) if the February 12, 2024 filing was intended to be a motion for an extension of time to file an amended answer.

IT IS SO ORDERED.

Dated:  **May 23, 2024**

UNITED STATES MAGISTRATE JUDGE