# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER, | Case No. 1:23-cv-01775-KES-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT VINCENT PETRESCU'S MOTION FOR LEAVE TO AMEND ANSWER |
| v. | |
| WILLARD L. JACKSON, et al., | (ECF No. 50) |
| Defendants. | **TEN-DAY DEADLINE** |

## I.

## INTRODUCTION

Currently before the Court is *pro se* Defendant Vincent Petrescu's motion for leave to amend answer, which the Court construes as a motion for leave to file an amended answer. (ECF No. 50.) Plaintiff did not file an opposition or other response, and the deadline to do so has expired. For the following reasons, Defendant's motion is GRANTED.

## II.

## RELEVANT BACKGROUND

On December 27, 2023, Plaintiff filed this class action against Defendants Willard L. Jackson, Nicole T. Birch, Vincent Petrescu, 420 Real Estate, LLC, Trucrowd Inc., Transatlantic Real Estate, LLC, and Bangi Inc. (ECF No. 1.) Defendant Petrescu (hereinafter "Defendant") was served on January 19, 2024. (ECF No. 12.) On February 12, 2024, Defendant filed a document entitled "The Defendant's Answer to the Complaint." (ECF No. 7.) However, the

filing appeared to be missing Defendant's response to Section II, which requires a defendant to write a short and plain statement of the answer to the allegations in the complaint with enumerated paragraphs corresponding to each paragraph within the complaint pursuant to Rule 8(b); requested extensions of time to secure counsel to properly answer various sections; and stated Defendant needed to seek counsel to properly understand the requirements of Rule 11. (See id. generally.)

In its order on March 28, 2024 to Plaintiff requesting the status of this action, the Court expressed concerns regarding Defendant's purported responsive pleading. (See ECF No. 15 at 1 n.1 (citing ECF No. 7).) Plaintiff neither addressed those concerns in his status report nor filed any motion in response. Defendant also failed to file a proper motion requesting an extension of time to file a responsive pleading pursuant to Local Rule 144(a).

On May 23, 2024, the Court ordered Defendant to clarify his February 12, 2024 by filing a notice that informed the Court (1) whether he has procured counsel in this action; (2) whether the document filed on February 12, 2024 was intended to be filed with attachments; and (3) if the February 12, 2024 filing was intended to be a motion for an extension of time to file an amended answer. (Id. at 10-11; see also ECF No. 48.)

On June 10, 2024, Defendant filed a notice of clarification informing the Court that (1) he has not procured counsel and continues to appear *pro se*; (2) the document filed by on February 12, 2024 was inadvertently submitted without the required attachments corresponding to Section II and Defendant intended to file a separate motion for leave to amend the answer; and that (3) the February 12, 2024 was also intended to serve as a motion for an extension of time to file an amended answer. (ECF No. 49 at 2.) On June 10, 2024, Defendant concurrently filed the instant motion for leave to amend. (ECF No. 50.)

### III.

### DISCUSSION

Defendant, appearing *pro se*, moves for leave to amend his answer originally submitted on February 12, 2024. (ECF No. 50 at 2.) Defendant proffers that he makes the motion in good faith and not for the purpose of delay. (Id.) Defendant contends that granting leave to amend

will not unduly prejudice Plaintiff, given the early stage of litigation.  (Id.)  Defendant proffers the amendment also clarifies Defendant's defenses based on additional research conducted since the original answer was filed.  (Id.)  While Defendant fails to describe the requested amendments in his motion, he provides a proposed amended answer in conformance with Local Rule 137(c).

The Court's cursory comparison of the February 12, 2024 answer and the proposed amended answer finds Defendant omits the original cover page but now includes an attachment in response to Section II of the form answer, which requires a short and plain statement of the answer to the allegations in the complaint with enumerated paragraphs corresponding to paragraphs within the complaint.  (ECF No. 50 at 3, 9-19.)  The Court also notes Defendant has removed his note that he intends to file a counterclaim against Plaintiff and that Plaintiff's attorney should be joined as a party in the case.  The proposed amended answer also provides responses where Defendant previously requested a seventy-day extension of time to respond.  Defendant also provides amended responses to various portions of the form answer, including the addition of an affirmative defense.  (ECF No. 50 at 6-7.)  Plaintiff's proposed answer also omits any indication that Defendant needs to seek legal counsel for an explanation of Rule 11.  (Id. at 8.)

Because more than twenty-one days have passed since Defendant filed his original answer,  Defendant can only amend with either Plaintiff's consent or leave of court.  Fed. R. Civ. P. 15(a).  Plaintiff has not filed an opposition, nor has he given his consent.  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2009) ("The policy of allowing amendments is to be applied with extreme liberality") (citation and quotation omitted).  When considering a motion for leave to amend, the Court should consider whether amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  Id.

The instant action is in the early stages of litigation and no scheduling conference has been held.  The Court finds that the record does not reflect that Defendant seeks this amendment

in bad faith or that allowing this amendment would result in undue delay or prejudice to Plaintiff. The Court further notes the inclusion of attachments that were mistakenly omitted in the February 12, 2024 answer supports that amendment is not futile.  Accordingly, the Court shall grant Defendant leave to amend his answer.

**IV.**

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant Petrescu's motion for leave to amend his answer, (ECF No. 50), is GRANTED;

2.    Within **ten (10) days** from the date of entry of this order, Defendant Petrescu SHALL FILE the proposed amended answer, (ECF No. 50, pp. 3-19), as a "First Amended Answer"; and

3.    Any request for an extension of time must be filed on or before the expiration of the deadline and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated:   **July 16, 2024**

_____
UNITED STATES MAGISTRATE JUDGE