ATTORNEY ANTHONY BELL (SBN #349401)
Superheroes At Law P.C.
8383 Wilshire Blvd., Suite 935
Beverly Hills, California 90211
855-694-3762
info@superheroesatlaw.com
Attorney for *PLAINTIFF(S)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>WILLARD L. JACKSON, ET AL.,<br><br>　　　Defendant. | Case No.: **1:23-cv-01775**<br><br>**NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANTS WILLARD L. JACKSON, ROBERT S. SHUMAKE, NICOLE T. BIRCH, 420 REAL ESTATE, LLC, TRANSATLANTIC REAL ESTATE, LLC AND BANGI, INC.** |

　　　Plaintiff(s), by and through their undersigned counsel, hereby provide notice of the voluntary dismissal of the above-captioned action without prejudice against the following defendants:

1. WILLARD L. JACKSON

2. ROBERT S. SHUMAKE

3. NICOLE T. BIRCH

4. 420 REAL ESTATE, LLC

5. TRANSATLANTIC REAL ESTATE, LLC

6. BANGI, INC.

The decision to dismiss these defendants follows the court's denial of two valid motions for requests for service by publication after reasonably diligent efforts for personal service failed. Despite the Plaintiff(s) having fulfilled all legal requirements for such service, including providing sufficient evidence and justification for the necessity of service by publication, the judge denied these motions. The Plaintiff(s) contend that the judge's denial constitutes an abuse of discretion, as the motions for service by publication were in accordance with the legal standards and procedures established under the law.

Pursuant to Federal Rule of Civil Procedure 4(e)(1), service of process in federal cases can be carried out by following the law of the state where the district court is located or where service is made. This means that California's service of process rules can be used in federal lawsuits as held in California Indian Hills Holdings, LLC v. Frye, 337 F.R.D. 293, United States v. Oooh, 2017 U.S. Dist. LEXIS 235251, Johnson v. Maraj, 2023 U.S. Dist. LEXIS 191122, especially since this case is filed in the district court located in Fresno, California.

Under California law, personal service must be attempted with reasonable diligence before a court will grant service by publication. Reasonable diligence is generally defined as **at least two or three attempts at personal service at different times and on different days.**

In this case, it was proven that the Plaintiff has attempted service in a manner which satisfies this standard of "reasonable diligence" and the manner and number of attempts are equal to other cases in this same court that were approved for service by publication by the plaintiffs. In the court filing for this case named PLAINTIFF JEFFREY CARTER'S SECOND APPLICATION TO SERVE DEFENDANTS WILLARD L. JACKSON, ROBERT SHUMAKE, NICOLE T. BIRCH, 420 REAL ESTATE, LLC., TRANSATLANTIC REAL ESTATE, LLC AND BANGI, INC. BY PUBLICATION, Exhibit 1c and Exhibit 1d [Doc. 29] reflect how Defendant Willard L. Jackson had personal service attempted in the **only two physical locations** that public records reflected for him in the last years, as well as *using an investigation service and public records searches* [Doc. 29, pages 2-3]. The same submission to the court reflected **seven different attempts** to serve Defendant Robert Shumake, Jr. [Doc. 29, Exhibit 3b, Exhibit 4b, Exhibit 5a] at *three different addresses* which were the most recent addresses on public record for this defendant. In the same submission to the court it reflected **six different attempts** to serve Defendant Nicole Birch [Doc. 29, Exhibit 6b, 7b, 8b] at *three different addresses* which were each of the most recent addresses available on public record for this defendant. For each of these there were private investigations and public records searches performed as well as attempts to call and email at every known possible phone number of the defendants.

Despite all of the exhaustive and reasonably diligent good faith efforts exerted by Plaintiff the court still refused to exercise its discretion to allow service by publication prejudicing this Plaintiff and their pursuit of justice for this matter.

Pursuant to USCS Fed Rules Civ Proc R 41(a)(1)(A)(i) and under Rule 4(m) which requires the Defendants to be dismissed for lack of service, the Plaintiff(s) is dismissing Defendants WILLARD L. JACKSON, ROBERT S. SHUMAKE, NICOLE T. BIRCH, 420 REAL ESTATE, LLC, TRANSATLANTIC REAL ESTATE, LLC AND BANGI, INC. from this case filed in the United States District Court.  Plaintiff(s) may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Since these Defendants have not filed an answer or a motion for summary judgment, this dismissal of these Defendants listed above is made without prejudice, as per Rule 41(a)(1)(B), unless the notice states otherwise.

This dismissal is made without prejudice, and Plaintiff(s) reserve the right to rejoin these Defendants if and when proper service can be effectuated.

DATED: August 1, 2024

Respectfully Submitted,

**SUPERHEROES AT LAW P.C.**

*Anthony Bell*

**ANTHONY BELL, ESQ.**
Attorney for *PLAINTIFF*