1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARTER, | Case No. 1:23-cv-01775-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE; DENYING DEFENDANT PETRESCU'S MOTION TO DISMISS AS MOOT |
| v. | |
| WILLARD L. JACKSON, et al., | |
| Defendants. | |
| | VACATING OCTOBER 2, 2024 HEARING |
| | (ECF Nos. 59, 60, 63, 64) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Currently before the Court are Defendant Vicent Petrescu's[1] motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 59) and Plaintiff Jeffrey Carter's motion for voluntary dismissal pursuant to Rule 41(a)(2) (ECF No. 60). The Court, having reviewed the record, finds both matters suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for October 2, 2024, will be vacated. Based on the moving and opposition papers, as well as the Court's record, for the reasons explained herein, the Court recommends that Plaintiff's motion for voluntary dismissal be granted without prejudice and Defendant Petrescu's motion to dismiss be denied as moot.

---

[1] Defendant Petrescu, proceeding *pro se*, appears to also move to dismiss this action with prejudice against Defendant TruCrowd, Inc. However, Trucrowd, Inc. is in default. (ECF No. 47.) Further, TruCrowd, Inc. may only appear in this action through an attorney. L.R. 183(a). As Defendant Petrescu has previously been advised, the Court shall disregard any filings or argument made on behalf of TruCrowd, Inc. by a non-attorney. (See ECF No 48 ("Future filings by a nonlawyer acting on behalf of another, including a corporation, will be disregarded.").)

## II.

## BACKGROUND

On December 27, 2023, Plaintiff filed this class action against Defendants Willard L. Jackson, Nicole T. Birch, Vicent Petrescu, 420 Real Estate, LLC ("420 Real Estate"), TruCrowd, Inc. ("TruCrowd"), Transatlantic Real Estate, LLC ("Transatlantic Real Estate"), and BANGI Inc. ("Bangi").  (ECF No. 1.)  Plaintiff's first amended complaint, filed on December 28, 2023, added Defendant Robert S. Shumake.  (ECF No. 4.)  Plaintiff alleges eight causes of action relating to securities fraud, which includes one cause of action against Defendant Petrescu for violation of Section 4A(a)(5) of the Securities Act of 1939.  (ECF No. 6 at 40-41.)  Plaintiff also asserts state law claims for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, unlawful business practices, negligence, conversion, civil conspiracy to commit fraud, and "constructive trust or equitable lien" against unspecified defendants.  (ECF No. 6 at 42-54.)

On March 11, 2024, Plaintiff filed summonses reflecting that Defendants Petrescu and TruCrowd were served on January 19, 2024.  (ECF No. 12 at 1-3, 5-7.)  On February 12, 2024, Defendant Petrescu filed a document entitled "The Defendant's Answer to the Complaint." (ECF No. 7.)  However, as the Court noted in orders on March 28, 2024 and May 23, 2024, Defendant Petrescu's responsive pleading failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  (ECF Nos. 15, 41.)  On June 10, 2024, Defendant Petrescu filed an unopposed motion for leave to amend his answer, which the Court granted on July 16, 2024.  (ECF Nos. 50, 51.)  On July 23, 2024 Defendant Petrescu filed a first amended answer.  (ECF No. 52.)

Defendant TruCrowd has not responded to the complaint, and, upon Plaintiff's request (ECF No. 46), the Clerk entered default against TruCrowd on June 3, 2024.  (ECF No. 47.)

Defendants Jackson, Shumake, Birch, 420 Real Estate, Transatlantic Real Estate, and Bangi have not been served and have therefore not appeared in this action.  On July 25, 2024, after the expiration of an extension of time to either file proofs of service or a renewed motion for service by publication, the Court ordered that Plaintiff file a status report regarding service of the non-appearing Defendants no later than August 1, 2024.  (ECF No. 53 at 2.)  On August 1, 2024, Plaintiff filed a notice of voluntary dismissal as to Defendants Jackson, Birch, 420 Real

1    Estate, Transatlantic Real Estate, Bangi, and Shumake.  (ECF Nos. 54, 55.)  On August 5, 2024,

2    Plaintiff filed a notice of voluntary dismissal dismissing this action against Petrescu and

3    TruCrowd without prejudice. (ECF No. 56.)  However, the Court disregarded Plaintiff's notice

4    because it was neither a signed stipulation by Petrescu, who has appeared, nor a motion under

5    Rule 41(a)(2).  (ECF No. 57.)  Plaintiff was ordered to comply with the procedures set forth in

6    Rule 41 by filing a stipulation that complies with Rule 41(a)(1)(A)(ii) or a motion under Rule

7    41(a)(2).

8         On August 6, 2024, Petrescu filed a motion to dismiss the claims against him with

9    prejudice pursuant to Rule 12(b)(6) and Rule 12(b)(2).  (ECF No. 59.)  Petrescu avers Plaintiff

10   fails to state a claim against him; Plaintiff's claims are barred by the doctrine of res judicata; and

11   this Court lacks personal jurisdiction over Petrescu.  (Id. at 2-3.)  On August 15, 2024, Plaintiff

12   filed an opposition.  (ECF No. 63.)  Petrescu did not file a reply brief and the time to do so has

13   expired.

14        On August 8, 2024, Plaintiff filed a motion to voluntarily dismiss this action without

15   prejudice pursuant to Rule 41(a)(2).  (ECF No. 60.)  Plaintiff states he brings the motion because

16   Petrescu, the only appearing defendant, will not stipulate to a voluntary dismissal under Rule

17   41(a)(1)(A)(ii). (Id. at 6.)  Plaintiff seeks dismissal so he can correct the deficiencies in service of

18   Jackson, Birch, 420 Real Estate, Transatlantic Real Estate, Bangi, and Shumake.  (Id.)   On

19   August 20, 2024, Petrescu filed an opposition, arguing that the case should be dismissed with

20   prejudice.  (ECF No. 64.)  Plaintiff did not file a reply brief and the time to do so has expired.

21                                      **III.**

22                                **LEGAL STANDARD**

23        Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may withdraw an

24   action without first seeking leave of court either by filing a stipulation signed by all parties who

25   have appeared or by filing a motion prior to service of an answer or a motion for summary

26   judgment.  Fed. R. Civ. P. 41(a)(1).  Where, as here, a defendant has filed an answer to the

27   complaint and refuses to stipulate to the dismissal, a plaintiff may voluntarily dismiss the action

28   "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

1    When evaluating a Rule 41(a)(2) motion for dismissal without prejudice, the court must

2    determine whether granting the motion "would result in legal prejudice to the defendant and, if

3    not, the motion should be granted."  <u>Kamal v. Eden Creamery, LLC</u>, 88 F.4th 1268, 1282 (9th

4    Cir. 2023); <u>see also</u> <u>Isgar v. City of Bakersfield</u>, No. 1:18-CV-0433 JLT, 2020 WL 3256849, at

5    *3 (E.D. Cal. June 16, 2020) (noting that a motion for voluntary dismissal under Rule 41(a)(2)

6    should be liberally granted if it will not result in legal prejudice).  Legal prejudice is "prejudice

7    to some interest, some legal claim, [or] some legal argument."  <u>Westlands Water Dist. v. United</u>

8    <u>States</u>, 100 F.3d 94, 97 (9th Cir. 1996).  "Plain legal prejudice may be shown where actual legal

9    rights are threatened or where monetary or other burdens appear to be extreme or unreasonable."

10   <u>Watson v. Clark</u>, 716 F. Supp. 1354, 1356 (D. Nev. 1989), <u>aff'd</u>, 909 F.2d 1490 (9th Cir. 1990).

11   The defendant holds the burden of showing that the action should not be dismissed due to legal

12   prejudice.  <u>Edstrom v. NDEX W., LLC</u>, No. CIV S-10-0105 KJM, 2012 WL 4092420, at *2 n.3

13   (E.D. Cal. Sept. 17, 2012) (explaining that "there is no requirement in this Circuit that a plaintiff

14   explain its reasons for seeking dismissal; rather, it is the defendant's burden to show that it will

15   suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal.").

16                                                  **IV.**

17                                          **DISCUSSION**

18        Plaintiff moves to voluntarily dismiss this action so that he may correct the deficiencies

19   in service and refile the case.  (ECF No. 60 at 10-11.)  Defendant Petrescu opposes dismissal to

20   the extent that it is without prejudice.  (ECF No. 64.)  Instead, Petrescu requests that the Court

21   only dismiss this action *with* prejudice because allowing dismissal without prejudice would cause

22   ongoing legal uncertainty; require Petrescu to incur additional costs; reward Plaintiff's lack of

23   diligence in pursuing this action; allow Plaintiff to refile a case against Petrescu that is unlikely

24   to succeed; and for various other procedural considerations.  (<u>Id.</u> at 2-5.)  The Court addresses

25   each of these arguments in turn.

26        **A.  Ongoing Legal Uncertainty**

27        Petrescu argues that allowing this action to be voluntarily dismissed without prejudice

28   would leave the door open for Plaintiff to refile the case at a later date, which causes

                                                    4

1     "burdensome and unfair" ongoing legal uncertainty.  (ECF No. 64 at 2.)  However, the Ninth

2     Circuit has expressly held that "the threat of future litigation which causes uncertainty is

3     insufficient to establish plain legal prejudice." Westlands Water Dist., 100 F.3d at 96 (collecting

4     cases); see also Kamal, 88 F.4th at 1282 (finding "[l]egal prejudice requires something more"

5     than "the threat of future litigation which causes uncertainty," that "the defendant will be

6     inconvenienced by having to defend in another forum," or when a plaintiff "merely gains some

7     tactical advantage" from dismissal"); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143,

8     145 (9th Cir. 1982) (noting "it is clear that the mere inconvenience of defending another lawsuit

9     does not constitute plain legal prejudice.").

10         Although dismissal of this action without prejudice means Defendants may have to

11     defend against Plaintiff's claims in a second lawsuit, it is well-established that Defendants do not

12     suffer legal prejudice merely by the prospect of having to "remain in a state of preparedness for

13     future litigation." (ECF No. 64 at 2.)  Accordingly, Petrescu fails to demonstrate legal prejudice

14     from voluntary dismissal of this action based upon the mere prospect of facing a second lawsuit.

15         **B.   Incurring Additional Costs and Fees**

16         Petrescu also argues the Court should not allow voluntary dismissal without prejudice

17     because he will incur additional legal costs if Plaintiff files a second lawsuit. However, "expense

18     incurred in defending against a lawsuit does not amount to legal prejudice." Westlands Water

19     Dist., 100 F.3d at 97 (citing Hamilton, 679 F.2d at 146 (rejecting the defendant's argument that

20     the plaintiff's claims should have been dismissed with prejudice because defendant "was put to

21     significant expense in preparing and filing its pleadings.")). The Court notes that any prejudice

22     related from past expenses can be alleviated by conditioning the dismissal without prejudice

23     upon the payment of appropriate costs and attorney fees. Westlands Water Dist., 100 F.3d at 97

24     (citing Fed. R. Civ. P. 41(a)(2)); see also Kamal, 88 F.4th at 1286–87 (9th Cir. 2023) (noting the

25     "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory,"

26     and "a defendant is entitled only to recover, as a condition of dismissal," attorney's fees or costs

27     for work that "is not useful in continuing litigation between the parties") (quoting Koch v.

28     Hankins, 8 F.3d 650, 652 (9th Cir. 1993)). Here, however, Petrescu, a *pro se* defendant, does not

1   request a dismissal upon conditions such as Plaintiff paying for any costs or fees.  In fact,

2   Petrescu does not contend he has expended any fees or costs in this matter other than "time and

3   energy in defending this action."  (ECF No. 64 at 2.)  Such expense, particularly while this case

4   is in its initial stages, does not demonstrate that Petrescu has suffered or would suffer legal

5   prejudice if Plaintiff were to refile this action.

6          Petrescu further argues that if this action is dismissed without prejudice, Defendants

7   "would likely incur additional costs if Plaintiff decides to refile."  (ECF No. 2.)  However, the

8   Court finds such argument amounts to a repackaged contention that the prospect of a second

9   lawsuit constitutes legal prejudice.  For the reasons previously discussed, the prospect of future

10  litigation—and prospective future costs and fees associated with it—does not amount to plain

11  legal prejudice.

12          **C.    Lack of Diligence in Prosecution**

13          Petrescu avers that Plaintiff has not diligently pursued this action and that allowing

14  Plaintiff to voluntarily dismiss the case to refile it would reward Plaintiff for his delays and lack

15  of action.  (ECF No. 64 at 2-3.)  The Court disagrees and finds it prudent to summarize the

16  relevant timeline of this short-lived action.  Plaintiff filed the complaint on December 27, 2023.

17  (ECF No 1.)  Plaintiff promptly served Defendants Petrescu and TruCrowd within four weeks of

18  filing this action.  (ECF No. 12.)   On March 28, 2024, ninety-two days after this action

19  commenced, the Court ordered that Plaintiff file a status report by April 2, 2024 addressing

20  whether Defendants Jackson, Birch, 420 Real Estate, Transatlantic Real Estate, or Bangi

21  ("Unserved Defendants") had been served.  (ECF No. 15 (citing Fed. R. Civ. P. 4(m).)[2]  On

22  March 29, 2024, Plaintiff filed a procedurally and substantively deficient motion for extension of

23  time to serve Defendants by substitute service and service by publication.  (ECF No. 22.)  On

24  April 2, 2024, the Court denied the motion without prejudice and ordered that Plaintiff file a

25  motion requesting proper relief no later than April 9, 2024.  (ECF No. 24.)  On April 9, 2024,

26

27  [2] Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must
    dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But

28  if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate
    period.*" (Emphasis added.)

1  Plaintiff filed a second motion for service by publication and, on April 26, 2024, filed a motion

2  for a ninety-day extension of time to serve the Defendants by publication.  (ECF Nos. 29, 38.)

3       On May 23, 2024, the Court denied Plaintiff's motion to serve by publication without

4  prejudice, first finding Plaintiff failed to show a cause of action existed against the Unserved

5  Defendants.  (ECF No. 5-9.)  The Court also found Plaintiff failed to demonstrate reasonable

6  diligence in attempting to serve Defendants Jackson, Birch, 420 Real Estate, Transatlantic Real

7  Estate, and Bangi.  (Id. at 9-18 (quoting Watts v. Crawford, 10 Cal.4th 743, 749 n.5 (1995)

8  (service by publication is a "last resort," so the courts require a plaintiff "to show exhaustive

9  attempts to locate the defendant.")).)  The Court did not address whether Plaintiff exercised

10 reasonable diligence in serving Shumake, given Plaintiff's failure to file a notice that Shumake

11 had initiated bankruptcy proceedings.[3]  (Id. at 12-13.)  The Court found good cause to extend the

12 time to complete service based upon Plaintiff's efforts and thus granted Plaintiff a sixty-day

13 extension of time, or until July 22, 2024, to either serve the Unserved Defendants or file a

14 renewed motion for service by publication.  (Id. at 18-19.)

15      On July 25, 2024, the Court ordered that Plaintiff file a status report regarding the status

16 of service of the Unserved Defendants.  (ECF No. 53 at 2.)  Within two weeks, the instant

17 motion for voluntary dismissal was filed, contending Plaintiff had been attempting to meet and

18 confer with Petrescu in the interim to stipulate to a voluntary dismissal pursuant to Rule

19 41(a)(1)(A)(ii).  (ECF No. 60 at 6.)  Given this timeline, the Court cannot find legal prejudice to

20 Defendants based upon delay on the part of Plaintiff.

21      The Court recognizes recent Ninth Circuit case law infers even "excessive delay and lack

22 of diligence on the part of plaintiff in prosecuting the action" is *not* a factor to be considered.

23 See Kamal, 88 F.4th at 1282, 1288.  However, if it was, the Court does not find Plaintiff was

24 dilatory in prosecuting this action and seeking dismissal.  This action has lasted less than nine

25 months.  While this certainly exceeds the ninety days afforded to serve all defendants pursuant to

---

26 [3] The Court instead ordered that Plaintiff file such notice pursuant to Local Rule 159 and state his position regarding

27 whether Shumake is subject to the automatic stay provision in 11 U.S.C. § 362 and whether a stay encompasses service of Shumake.  (Id.)  On May 30, 2024, Plaintiff filed a notice of bankruptcy and argued Shumake was not subject to an automatic stay pursuant to 11 U.S.C. § 362(b)(6).  (ECF No. 43.)  Plaintiff failed to address whether

28 the automatic stay provision encompasses service of Shumake.

1  Rule 4(m), Plaintiff has requested extensions of time for service supported by good cause.  No

2  scheduling conference has been held, six Defendants remain unserved, only one defendant has

3  appeared, no defendant has filed a counterclaim, the case has not been certified as a class action,

4  trial preparations have not begun, and the first motion challenging the merits of this case was

5  filed *after* Plaintiff filed his procedurally deficient notice of voluntary dismissal.  Accordingly,

6  the Court cannot find delay or lack of diligence on the part of Plaintiff such that granting the

7  instant Rule 41(a)(2) motion would result in legal prejudice to any defendant.

8         **D.**     **Strength of the Claims and Procedural Considerations**

9        Petrescu also provides arguments contained within his motion to dismiss pursuant to Rule

10  12(b)(6) to support his contention that dismissal *with* prejudice is necessary.  Petrescu

11  specifically avers the claims against him lack a factual or legal basis and are unlikely to succeed;

12  Plaintiff should not be allowed further leave to amend given he has already amended his

13  complaint; and this action is barred by the doctrine of res judicata.[4]  (ECF No. 64 at 3-4.)

14  However, Petrescu and other Defendants are not precluded from bringing these same arguments

15  and defenses in subsequent litigation.  Petrescu has thus failed to show that he will be prejudiced

16  to "some legal interest, some legal claim, [or] some legal argument" if Plaintiff is allowed to

17  dismiss this action.  See Westlands Water Dist., 100 F.3d at 97.

18        Rather, in determining what will amount to legal prejudice, courts have examined

19  whether a dismissal without prejudice would result in the loss of a federal forum, the right to a

20  jury trial, or a statute of limitations defense.  Id. (collecting cases).  Here, Petrescu argues that

21  dismissing this action without prejudice would allow Plaintiff to circumvent the statute of

---

22  [4] The Court notes that Plaintiff attached to the operative complaint in this action a civil complaint by the United

23  States Securities and Exchange Commission ("SEC") against Shumake, Jackson, Birch, 420 Real Estate, LLC, Petrescu, and TruCrowd, Inc. ("SEC Action").  (ECF No. 6 at 58-97.)  The SEC action was filed in September 2021

24  in the United States District Court for the Eastern District of Michigan, case number 21-cv-12193.  Although the securities fraud claims alleged in the operative complaint are largely identical to those alleged by the SEC, Plaintiff

25  is not a party to the SEC Action.  See Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2009) (noting res judicata applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3)

26  identity or privity between the parties); see also York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP, Inc., 65 F.4th 459, 462 (9th Cir. 2023) (allowing private plaintiffs to file a securities fraud class action after the defendants

27  accepted an SEC settlement offer and paid a fine without admitting or denying the allegations contained in the SEC order).  Critically, the Court expresses no opinion as to the merits of Petrescu's defenses and emphasizes he is not

28  precluded from raising such arguments in a subsequent action.  Rather, the Court only finds such arguments do not constitute legal prejudice to Defendants sufficient to deny Plaintiff's Rule 41(a)(2) motion.

1    limitations by refiling this action.  (ECF No. 64 at 4.)  As a threshold matter, Petrescu has not

2    raised the affirmative defense of statute of limitations in this action.  (See ECF No. 52 generally.)

3    Petrescu proffers no explanation how he is legally prejudiced for alleged loss of a defense that he

4    has not raised.  Further, it is not apparent what statute of limitations Plaintiff evades through

5    voluntary dismissal nor how it is governed by a different statute of limitations if Plaintiff refiled

6    in a separate action.  See, e.g., Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 987–88 (5th Cir.

7    1989) (denying a request for dismissal without prejudice of a case filed past the state's statute of

8    limitations to allow the plaintiff to refile in another state where the statute of limitations had not

9    expired because dismissal would have legally prejudiced the defendant by stripping it of an

10   absolute defense); Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 175 (5th Cir. 1990)

11   (granting a motion for voluntary dismissal where both the federal and state courts are bound to

12   apply the same choice of law rules and thus defendants were not stripped of an absolute defense).

13        The Court recognizes Plaintiff's unverified complaint states December 30, 2021 is the

14   "critical date" underlying his federal securities fraud claims.  (ECF No. 6 at ¶¶ 118-19 (citing

15   Merck & Co. v. Reynolds, 559 U.S. 633 (2010).)  However, Plaintiff assures the Court in his

16   Rule 41(a)(2) motion that the unspecified statute of limitations does not restrict the Court in

17   determining whether this action should be dismissed.  (ECF No. 60 at 10.)  Plaintiff has stated

18   sixteen federal and state law claims in this action against various defendants.   There is

19   insufficient information in the record—which is in the pleadings stage—for the Court to

20   independently find any or all of the sixteen claims are time-barred, that no tolling doctrine

21   applies, or that Plaintiff intends to file in an unspecified forum governed by a different statute of

22   limitations.  Therefore, if Petrescu believes that "several claims are close to or have already

23   expired" under an unspecified statute of limitations (ECF No. 64 at 4), there is no indication on

24   this record that he or any other defendant would be stripped of such a defense in a subsequent

25   lawsuit should Plaintiff elect to refile this action.

26        Finally, Petrescu argues that judicial economy and the avoidance of duplicative litigation

27   are important considerations because dismissing this action with prejudice can prevent the Court

28   from having to revisit the same issues in the future, which saves judicial resources and promotes

finality.  (ECF No. 64 at 5-6.)  The Court finds such argument without merit.  "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal."  Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).  The Court thus only considers whether dismissal would result in legal prejudice to the defendant.  Defendant Petrescu, the only appearing defendant in this action, has failed to carry his burden of demonstrating he would suffer legal prejudice from dismissal of this action without prejudice.

Considering the lack of any legal prejudice to Defendants, the early stage of the proceedings, and that Defendants have not incurred substantial costs and fees in this litigation, the Court finds dismissing this action without prejudice and without imposition of conditions of dismissal is appropriate.  Accordingly, the Court recommends granting Plaintiff's Rule 41(a)(2) motion to dismiss without prejudice and denying Petrescu's motion to dismiss as moot.[5]

## V.

### RECOMMENDATION AND ORDER

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion to dismiss the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (ECF No. 60) be GRANTED; and

2.    Defendant Petrescu's motion to dismiss (ECF No. 59) be DENIED AS MOOT.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, the parties may file written objections to the findings and recommendations with the Court.  Such a document should be captioned

---

[5] Because the Court recommends this action be dismissed without prejudice, the pending motion to dismiss should be denied as moot.  See, e.g., Isgar, 2020 WL 3256849, at *4 (granting a plaintiff's motion for voluntary dismissal without prejudice and denying the defendants' pending motion to dismiss for summary judgment as moot); Edstrom, 2012 WL 4092420, at *3 (same); Severson v. Smith's Food & Drug Centers, Inc., No. 2:20-CV-1916 JCM NJK, 2020 WL 7123046, at *2 (D. Nev. Dec. 4, 2020) (granting a plaintiff's motion for voluntary dismissal without prejudice and denying the defendant's pending motion to dismiss as moot); Pelletier v. United States of America, No. 20-cv-1805 GPC DEB, 2021 WL 2895817, at *3 (S.D. Cal July 8, 2021) (same).

"Objections to Magistrate Judge's Findings and Recommendations."   The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 11, 2024__

UNITED STATES MAGISTRATE JUDGE